1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL CARRASCO,                          1:10-cv-0744-JLT (HC)

12              Petitioner,
                                              ORDER TRANSFERRING CASE TO THE
13   vs.                                       UNITED STATES DISTRICT COURT FOR
                                               THE NORTHERN DISTRICT OF
14   CALIFORNIA BOARD OF PAROLE                CALIFORNIA
     HEARINGS,
15
                Respondent.
16
     _____/
17

18        Petitioner, a state  prisoner proceeding pro se, has filed a habeas corpus action pursuant to  28

19   U.S.C. § 2254 28 U.S.C. § 2241, in which he challenges a April 3, 2008 decision by the Board of

20   Parole Hearings to deny Petitioner parole.  (Doc. 1).

21        Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma

22   pauperis for this action.

23        The federal venue statute requires that a civil action, other than one based on diversity

24   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

25   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

26   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

27   is situated, or (3) a judicial district in which any defendant may be found, if there is no district in

28   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

                                                -1-

1    In a habeas matter, venue is proper in either the district of conviction or the district of

2    confinement.  28 U.S.C. § 2241(d).  In this case, Petitioner challenges the result of a April 3, 2008

3    denial of parole by the Board of Parole Hearings; thus, Petitioner is attacking the execution of his

4    sentence.  When, as here, a petitioner attacks the execution of his sentence, as opposed to the

5    conviction itself, the proper forum is the district of confinement.  See Dunn v. Henman, 875 F.2d

6    244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge

7    the execution of a sentence is the district where the prisoner is confined.").  Petitioner is presently

8    confined in the Correctional Training Facility prison located in the Northern District of California.

9    Therefore, the petition should have been filed in the United States District Court for the Northern

10   District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong

11   district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932

12   (D.C. Cir. 1974).

13   Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

14   District Court for the Northern District of California.

15

16   IT IS SO ORDERED.

17   Dated:   **May 4, 2010**                                    **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28