IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CARRASCO,<br><br>      Petitioner,<br><br>  v.<br><br>R. GROUNDS, Warden,<br><br>      Respondent.                / | No. C 10-01935 CW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY |

INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a pro se state prisoner. For the reasons set forth below, the petition is DENIED.

BACKGROUND

In 1993, a Kern County Superior Court jury convicted Petitioner of second degree murder, and he was sentenced to fifteen years to life, plus a one-year enhancement, in state prison. In 2008, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole on grounds that the circumstances of his commitment offense, his previous "extensive record in terms of violence, assaultive behavior and misbehavior," his escalating pattern of criminal conduct, his unstable social history, his past involvement with alcohol, his institutional behavior, his psychological reports showing "anti-social personality disorder," and his continuing need for self-help programming indicate that, if released from prison, he would pose an unreasonable risk of danger to society, or a threat to public safety, or both. (Pet., Ex. 1 at

92-106.)[1]  In response to the Board's decision, Petitioner sought, but was denied, relief on state collateral review.  This federal habeas petition followed.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the

---

[1] Citations are to the pages of the parole hearing transcript.

holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety, a requirement under California law. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, No. 10-333, slip op. at 4 (U.S. Jan. 24, 2011). The procedures required are "minimal." Id. A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 4-5. "The Constitution does not require more." Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he had received his records in advance, and that he was notified as to the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, slip op. at 5.

3

1  Petitioner's claim that the Board's decision did not comply with
2  California's "some evidence" rule of judicial review is of "no
3  federal concern." Id. at 6.  Accordingly, the petition is DENIED.

CONCLUSION

   The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

   Further, a certificate of appealability is DENIED. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.  The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

   IT IS SO ORDERED.

Dated: 2/15/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CARRASCO,

        Plaintiff,

v.

CALIFORNIA BOARD OF PAROLE HEARINGS et al,

        Defendant.

Case Number: CV10-01935 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miguel Carrasco E-69606
CORRECTIONAL TRAINING FACILITY (689)
PO BOX 689
SOLEDAD, CA 93960

Dated: February 15, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

5